## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MUD BUDDY, LLC, a Utah Limited Liability Company,<br><br>      Plaintiff<br><br>v.<br><br>GATOR TAIL, LLC, a Louisiana Limited Liability Company,<br><br>      Defendant | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S EXHIBITS OPPOSING PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:08-CV-00972 DN<br><br>District Judge David Nuffer |

The Court has considered the defendant, Gator Tail, LLC's Motion to Strike the Plaintiff's Exhibits Opposing Partial Summary Judgment [Docket Entry #105], the Plaintiff's response [Docket Entry #117], Gator Tail's reply [Docket Entry #119], and the parties' memoranda, authorities, exhibits, and argument. The Court finds that Gator Tail's motion should be granted in part as follows.

Declaration of Glenn Foreman in Support of Memorandum in Opposition to Gator Tail's Motion for Summary Judgment [Docket Entry #100]

Gator Tail objected to Mr. Foreman's declaration on the basis that Mr. Foreman offered opinions based on scientific, technical, or other specialized knowledge, FED. R. EVID. 701(c), was not designated as an expert, was not demonstrated to have the skill, knowledge, or expertise necessary for his opinions therein, and because there was no other support in the record for his opinions. Mr. Foreman admitted he never quantitatively measured the fluid pressure in any drive unit, and there was insufficient evidence of his expertise in designing tests to quantitatively measure fluid pressure in drive units. Further, Gator Tail objected on the grounds that Mr. Foreman's testimony was conjecture and lacked quantitative evidence and support. The Court finds that many of Mr. Foreman's opinions in his declaration are based on scientific, technical or otherwise specialized

knowledge. The Court finds that Mr. Foreman was not disclosed as a testifying expert witnesss, and

that his opinions exceeded the permissible areas of lay testimony under Fed. R. Evid. 701. For those

opinions that are based on scientific, technical or otherwise specialized knowledge, this Court finds

that adequate expertise has not been shown in Mr. Foreman's declaration to support those opinions.

Moreover, the methodology used by Mr. Foreman in examining the Gator Tail device  has not been

shown to be adequate, accepted, or specified clearly enough for the Court to rely on it in opposition

to a motion for summary judgment.  The Court also finds that Mr. Foreman's declaration fails to

offer adequate methodology to support a qualitative analysis as to whether there is pressure in the

purported Gator Tail device.

The Court therefore sustains Gator Tail's objections to and strikes from the record paragraphs

5, 7, 12, 15-20, and 23 of Mr. Foreman's declaration in their entirety. Further, the Court sustains

Gator Tail's objections to and strikes from the record:

- Paragraph 11 in part, starting with the sentence that begins, "Simply because . . ." and striking through the end of paragraph 11;

- Paragraph 13 in part, specifically the phrase "to copy my patented design" at the end of paragraph 13;

- Paragraph 14 in part, starting with the sentence that begins, "Pictures taken . . ." and striking through the end of paragraph 14;

- Paragraph 21, the first sentence; and

- Paragraph 22, the first sentence.

Exhibits 1-3 to the Declaration of Glenn Foreman in Support of Memorandum in Opposition to Gator Tail's Motion for Summary Judgment [Docket Entries ##100-1, 100-2, 100-3, 100-4, and 101]

Gator Tail objected to exhibits 1, 2, and 3 to Mr. Foreman's declaration because the exhibits

were not authenticated properly, were not proper expert evidence, and did not demonstrate that any

pressure exists in the depicted motors or in the accused instrumentalities.

Exhibit 1 to Mr. Foreman's declaration consisted of a series of photographs which he alleged were of a Gator Tail lower end unit.  "The standard for admissibility of photographs requires the witness to recognize and identify the object depicted and testify that the photograph is a fair representation of what it purports to portray." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 1965). The photographs in exhibit 1 were not authenticated properly at this stage of the proceeding and are therefore excluded for summary judgment purposes.

Exhibit 2 to Mr. Foreman's declaration consisted of video documentation of an experiment he performed. "Admissions of evidence of experiments must be established by showing background proof that the experiments were conducted under conditions that were at least similar to those" at issue in the suit. *Brandt v. French*, 638 F.2d 209, 212 (10th Cir. 1981).  Gator Tail asserted that the device depicted in exhibit 2 was assembled incorrectly, was unlike the accused instrumentalities, and did not properly test operating conditions of the Gator Tail lower end unit.

Mr. Foreman must also show that his expert tests  rest on a reliable foundation and are relevant to the issues before the Court. *See Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993). Absent a showing from Mr. Foreman that his methodology is reliable and relevant Mr. Foreman's evidence is inadmissible.  See *id*.  Here, Mr. Foreman failed to offer sufficient evidence that the testing method shown in the video was a scientifically sound and accepted way of measuring fluid pressure.

The "experiment" in exhibit 2 was not conducted by a person shown to be qualified and exhibit 2 does not show proof of an adequate or accepted methodology. No Gator Tail representatives or attorneys were present or invited to observe the test nor was any qualified expert present. Mr. Foreman drilled, by hand, a hole into the device he was observing, but offered no evidence that his method was a scientifically sound and accepted way of measuring fluid pressure.

Gator Tail offered evidence that the device depicted in exhibit 2 was assembled incorrectly and unlike the accused instrumentalities. The plaintiff failed to show otherwise and failed to show how its "experiment" was relevant to any of the accused instrumentalities because it did not offer proof that this was an accused instrumentality. The plaintiff admitted that the motor used in its "experiment" was not an accused instrumentality and admitted that it did not come directly from Gator Tail. Further, the "experiments" were performed by Mr. Foreman with no demonstrated checks to prevent bias. *See Hodgdon Powder Co. v. Alliant Techsystems, Inc.*, 512 F. Supp. 2d 1178, 1181 (D. Kan. 2007). Accordingly, exhibit 2 to his declaration is also stricken from the record at this stage of the proceeding.

Mr. Foreman's declaration made no reference to any relevant passage in exhibit 3 and therefore the exhibit is inadmissible.

The Court therefore sustains Gator Tail's objections to exhibits 1, 2, and 3 to Mr. Foreman's declaration for these reasons and strikes from the record exhibits 1, 2, and 3 to Mr. Foreman's declaration in their entirety.

Declaration of Richard Salant in Support of Memorandum in Opposition to Gator Tail's Motion for Summary Judgment [Docket Entry #98-8]

Gator Tail objected to Dr. Salant's declaration because, among other things, Dr. Salant repeated and incorporated parts of Mr. Foreman's declaration which were deemed inadmissible at summary judgment. The Court sustains in part Gator Tail's objections to Dr. Salant's declaration for these reasons and strikes from the record paragraph 14 of Dr. Salant's declaration in its entirety.

Exhibit 1 to the Declaration of Richard Salant in Support of Memorandum in Opposition to Gator Tail's Motion for Summary Judgment [Docket Entry #98-8]

Gator Tail objected to exhibit 1 to Dr. Salant's declaration because the exhibit was not shown to be relevant, referred to, or relied upon. The Court sustains Gator Tail's objections to exhibit 1 to Dr. Salant's declaration on the grounds that it was not referred to or relied upon by Mr. Salant in his

declaration. Accordingly, the Court strikes from the record exhibit 1 to Dr. Salant's declaration in its entirety.

This order does not prevent the Plaintiff from offering the stricken evidence at trial upon a proper showing of admissibility, subject to objections by Gator Tail.

Except as sustained and granted herein, all other relief requested in Gator Tail's motion to strike is denied.

## ORDER

IT IS HEREBY ORDERED that Gator Tail, LLC's Motion to Strike the Plaintiff's Exhibits Opposing Partial Summary Judgment [Docket Entry #105] is GRANTED IN PART as provided herein.

Dated May 1, 2013.

BY THE COURT:

David Nuffer
United States District Judge