**IN THE UNITED STATES DISTRICT COURT**
For the District of Utah, Central Division

| | |
|---|---|
| MUD BUDDY, LLC, a Utah Limited Liability Company,<br><br>       Plaintiff,<br><br>v.<br><br>GATOR TAIL, LLC, a Louisiana Limited Liability Company,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:08-CV-00972 DN<br><br>District Judge David Nuffer |

The court has reviewed and considered the parties' briefing related to Gator Tail's motion for summary judgment.[1] Having considered the briefing, arguments, evidence, and record in this case, the court grants in part Gator Tail's motion and dismisses Mud Buddy's causes of action for literal infringement of U.S. Patent No. 6,302,750 (the "'750 Patent"), claims 1-6, 9-12, 14-20, and for literal infringement of U.S. Patent No. 6,361,388 (the "'388 Patent"), claims 14-16 and 19.

**Background and Undisputed Facts**

<u>The Mud Buddy Patents</u>

The '750 and '388 patents were filed in 2000 and 2001, respectively, and relate generally to a marine motor drive assembly. Mud Buddy's patents concern, among other things, the placement of shaft seals in such a way that some volume of lubricant is trapped between the seals forming a pressurized lubricant chamber. Mud Buddy alleges Gator Tail infringes on claims 1-5

---

[1] Docket no. 153.

and 7-20 of the '750 patent.[4]  Mud Buddy also alleges Gator Tail infringes on claims 1, 2, 5, 7-9, 12, 14-16, and 19 of the '388 patent.[5]  The Court previously held claims 1 and 2 of the '388 Patent to be invalid.[6]

The Accused Gator Tail Devices

Mud Buddy names Gator Tail's GTR35, GTR23, GT23, GT27, GT35, GT50, and GT70 as the accused infringing devices.[7]  Since at least 2005, Gator Tail uses only lip seals (a/k/a one-way seals) in its devices.[8]  And since at least 2005, Gator Tail's single-lip seals—both inner and outer—but especially its outer seal, face outward, with the lips facing toward the propeller.[9]

Gator Tail's Prior Motion for Summary Judgment

Gator Tail moved for partial summary judgment in in August 2012.[11]  Mud Buddy relied on declarations from both Mr. Glenn Foreman, Mud Buddy's principal, and from Dr. Richard Salant, its expert witness, to oppose Gator Tail's motion, including on the issue of pressurization.  Mr. Foreman also submitted video demonstrations of experiments he conducted on a purportedly accused Gator Tail device to show infringement.  In December 2012, the court denied Gator Tail's motion, but stated that the evidence opposing the motion on the issue of pressurization was thin and allowed Mud Buddy to conduct additional testing of the Gator Tail device to demonstrate quantitative measurement of pressure.[12]

---

[4] Docket no. 153-9 at 2.

[5] *Id.*

[6] Docket no. 147 at 17.

[7] Docket no. 153-9 at 2.

[8] Docket no. 167 at p. 16, ¶ 6.

[9] Docket no. 153-4; docket no. 167 at p. 16, ¶ 6.

[11] Docket no. 95, filed August 31, 2012.

[12] Docket no. 147 at pp. 11, 13, entered May 1, 2013.

The Stricken Evidence on the Issue of Pressurization

In January 2013, Mud Buddy submitted a second declaration from Mr. Foreman, along with new videos of experiments, which attempted to show quantitative measurement of pressure in the accused Gator Tail device.[13] In May 2013, Gator Tail again moved for summary judgment, which Mud Buddy opposed, relying on Mr. Foreman's new videotaped experiments, his January 2013 declaration, a new June 2013 declaration,[14] and a new declaration from Dr. Salant.[15] Gator Tail moved to strike Mr. Foreman's January 2013 and June 2013 declarations, his new videotaped experiments, and to strike Dr. Salant's new declaration.[16] On September 26, 2013, the court granted Gator Tail's motion to strike and struck portions of Mr. Foreman's January 2013 and June 2013 declarations, struck his new videotaped experiments which attempted to show quantitative measurement of pressure in the accused Gator Tail devices, and struck Dr. Salant's June 2013 declaration.[17]

## Discussion

To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.[18] Instead, it must "produce 'specific facts showing that there remains a genuine issue for trial' and evidence 'significantly probative' as to any material fact claimed to be disputed."[19] Mere conjecture,

---

[13] Docket no. 123, filed January 11, 2013.

[14] Docket no. 167-13, filed June 7, 2013.

[15] Docket no. 167-8, filed June 7, 2013.

[16] Docket no. 178, filed June 25, 2013.

[17] Docket no. 212.

[18] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

[19] Anglin v. City of Aspen, 562 F.Supp. 2d 1304, 1318 (D. Colo. 2008) (quoting Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988)).

speculation, or surmise is an insufficient basis to deny summary judgment.[20] If the nonmovant cannot produce admissible evidence to support a fact issue, summary judgment is proper.[21] A fact issue is only genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant.[22] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[23]

"Direct infringement requires a party to perform or use each and every step or element of a claimed method or product."[25] Summary judgment is proper if there is no direct infringement.[26] "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."[27]

Among the claims asserted and still at issue, claims 1-6, 9-12, and 14-20 of the '750 patent and claims 14-16 and 19 of the '388 patent all require at least one of the following: pressurization, pressurized lubricant, a pressurized area, a pressurization gap, a pressurization chamber, or a pressurization member. The court construed "pressurized lubricant" to mean:

> Lubricant at a pressure above the pressure on the outer seal from outside the drive housing.[28]

Thus, the construction of "pressurized lubricant" requires a comparison of two pressures, (1) inside the drive housing and (2) outside the drive housing. According to the court's construction, pressure #1 must be above pressure #2.

---

[20] *See Cypert v. Indep. Sch. Dist. No. I-050 of* Osage County, 661 F.3d 477, 481 (10th Cir. 2011).

[21] Fed.R.Civ.P. 56(c)(1)(A) & (B).

[22] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

[23] *Id.* at 249.

[25] BMC Res., Inc. v. Paymentech, L.P., 498 F.3d 1373, 1378 (Fed. Cir. 2007), overruled on other grounds by *Akami Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed.Cir. 2012) (en banc)); *see also Travel Sentry, Inc. v. Tropp*, 497 Fed.Appx. 958, 965 (Fed.Cir. 2012).

[26] Nuance Comms., Inc. v. Tellme Networks Inc., 707 F. Supp. 2d 472, 481 (D. Del. 2000).

[27] *Id.*

[28] Docket no. 94 at 11.

Despite having the burden to show Gator Tail's infringement, Mud Buddy has not offered sufficient admissible evidence of pressurization in Gator Tail's accused devices. Mud Buddy has not properly quantitatively measured the alleged pressure generated by the accused Gator Tail's devices. Without pressurization, there is no pressurized lubricant, a pressurized area, a pressurization gap, a pressurization chamber, or a pressurization member.

As discussed in greater detail in the memorandum decision and order granting defendant's motion to strike Mud Buddy's exhibits opposing summary judgment,[29] Mr. Foreman's videotaped experiments, which attempted to provide quantitative measurement of pressure in the accused Gator Tail devices, are inadmissible. His experiments lacked any indicia of validity and reliability, his methodology was suspect, and he failed to authenticate the accused Gator Tail device purportedly tested in the videotaped experiments. Likewise, Mr. Foreman is not qualified as an expert witness who can offer competent testimony on the science behind and function of the seals at issue in the accused Gator Tail device. Accordingly, his declarations, aside from those portions discussing the history and design of the Mud Buddy motors, are inadmissible. Dr.

Dr. Salant has also failed to offer any relevant testimony on the issue of pressurization in the accused Gator Tail device. Dr. Salant never tested or measure pressure in an accused Gator Tail device. His opinion regarding the existence of pressure in the accused Gator Tail device is mere speculation and conjecture, which is insufficient to defeat Gator Tail's motion for summary judgment. Without direct and empirical observation, Mud Buddy's argument on pressure is speculative.

Mud Buddy has failed to sustain its burden to show that pressure exists in the accused Gator Tail devices. Both fact and expert discovery has closed. Absent this proof, summary

---

[29] Docket no. 212, entered September 26, 2013.

5

judgment in favor of Gator Tail on Mud Buddy's allegations of direct infringement of those claims related to pressure or pressurization is proper.

In their briefing, the parties failed to thoroughly address whether summary judgment is proper under the doctrine of equivalents on the issue of pressurization under the doctrine of equivalents. Thus, the court cannot rule on whether the accused Gator Tail devices infringe under the doctrine of equivalents on the issue of pressurization.

## ORDER

Based upon the foregoing, it is hereby

ORDERED that Gator Tail's motion for summary judgment is GRANTED IN PART.

IT IS FURTHER ORDERED that Mud Buddy's claims of direct infringement of U.S. Patent No. 6,302,750, claims 1-6, 9-12, 14-20, and U.S. Patent No. 6,361,388, claims 14-16 and 19 are DISMISSED.

IT IS FURTHER ORDERED that the parties shall submit additional briefing on whether summary judgment in favor of Gator Tail under the doctrine of equivalents is proper given the lack of admissible evidence on the issue of pressurization. This issue was argued in marginal notes in the draft order but deserves a more full exposition. The parties shall file simultaneous briefs on this issue on or before 12:00 pm on Thursday October 3, 2013.

Dated September 26, 2013.

                                            BY THE COURT:

                                            _____
                                            David Nuffer
                                            United States District Judge